UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NINA CRAFT, ON BEHALF OF THE ESTATE OF ROBERT CRAFT | CIVIL ACTION |
| VERSUS | NO. 23-4074 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant's unopposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).[1]  For the following reasons, the Court grants the motion.

## I.    BACKGROUND

This action arises from damage to property owned by plaintiff caused by Hurricane Ida.  Plaintiff alleges that the property was covered by an insurance policy issued by defendant United Services Automobile Association ("USAA"), and that defendant failed to make required payments under the policy.[2]  She seeks to recover for breach of the insurance contract

---

[1]    R. Doc. 10.
[2]    R. Doc. 1 ¶¶ 8-10, 36-37.

and under Louisiana's "bad faith" statutes, La. Rev. Stat. Ann. §§ 22:1892 and 22:1973.[3]   Defendant contends that this Court lacks subject-matter jurisdiction over the action because it is an unincorporated association with members in every state, including Louisiana, and thus, complete diversity is lacking.[4]

The Court considers the motion below.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  The Court must "consider the . . . jurisdictional attack before addressing any attack on the merits."  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required.  *See* Fed. R. Civ. P. 12(b)(1).  The lack of subject-matter jurisdiction may be raised at any time during pendency of the case by any party or by the court.  *See Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any

---

[3]   *Id.* ¶¶ 39-43.
[4]   R. Doc. 10.

2

time in the same civil action, even initially at the highest appellate instance."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction sua sponte."). A court's dismissal of a case for lack of subject-matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasedena*, 561 F.2d 606, 608 (5th Cir. 1977).

When examining a factual challenge to subject-matter jurisdiction that does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012). Accordingly, the Court may consider matters outside the pleadings, such as testimony and affidavits. *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015).

A court has federal question jurisdiction when the plaintiff's claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A claim arises under federal law when federal law creates the cause of action. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). When "a private citizen relies on a federal statute as the basis of federal question jurisdiction, that statute must provide a private

cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute." *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Having a plaintiff and a defendant who are citizens of the same state ordinarily destroys complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

## III.   DISCUSSION

Plaintiff points to no federal law that might give rise to federal question jurisdiction in this case. *See Vela v. Manning*, 469 F. App'x 319, 321 (5th Cir. 2012) ("[A] federal court does not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." (quoting *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)). As to diversity jurisdiction, plaintiff's complaint alleges that USAA is "incorporated under the laws of Texas, with a principal place of

business" in Texas.[5]   USAA contends that it is, in fact, an unincorporated

association with members in all fifty states.[6]   Plaintiff does not offer any

evidence to support its allegation that USAA is a corporation,  and federal

courts have consistently held that USAA is an unincorporated association.

*See, e.g.*, *Lewis v. United Servs. Auto. Ass'n*, 45 F.3d 433 (8th Cir. 1994)

(holding that diversity was lacking because USAA was an unincorporated

association with members domiciled in state of plaintiff's citizenship); *Tuck

v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (same); *Baer

v. United Servs. Auto. Ass'n*, 503 F.2d 393, 396 (2d Cir. 1974) (same); *Ourso

v. United Servs. Auto. Ass'n*, No. 06-4354, 2007 WL 275902, at *2 (E.D. La.

Jan. 25, 2007) (Vance, J.) (same).

The citizenship of an unincorporated association "is determined by the

citizenship of all of its members."  *Harvey v. Grey Wolf Drilling Co.*, 542

F.3d 1077, 1080 (5th Cir. 2008).  USAA has members in all fifty states,

including Louisiana.[7]  *See also Ourso*, 2007 WL 275902, at *2.  Because

plaintiff is also a citizen of Louisiana,[8] the Court finds that complete diversity

is  lacking.   The  action  must  be  dismissed  for  lack  of  subject-matter

---

[5]      R. Doc. 1 ¶ 2.

[6]      R. Doc. 10-1 at 2.

[7]      *Id.*

[8]      R. Doc. 1 ¶ 1.

jurisdiction.  Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.").

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

New Orleans, Louisiana, this  __10th__  day of June, 2024.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE